PROB 12C
(6/16)

Report Date:  January 7, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jan 07, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Gabriel J Gibson                  Case Number: 0980 1:16CR02073-LRS-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: April 6, 2017

| | |
|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) |
| Original Sentence: | Prison - 57 months;   Type of Supervision: Supervised Release   TSR - 36 months |
| Asst. U.S. Attorney: | Thomas J. Hanlon   Date Supervision Commenced: November 20, 2020 |
| Defense Attorney: | Federal Defender's Office   Date Supervision Expires: November 19, 2023 |

## PETITIONING THE COURT

To issue a **warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed. |

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to make contact with the United States Probation Office, on or about December 31, 2020, or since.

On November 20, 2020, supervision commenced in this matter.  That same day, a supervision intake was completed and the conditions of supervision imposed by the Court were reviewed with him.  He acknowledged an understanding of the conditions imposed to include standard condition number 2, noted above.

Mr. Gibson had previously reported COVID-19 symptoms and as a result was unable to submit to urinalysis testing. On December 23, 2020, a message was left for Mr. Gibson to contact the undersigned to follow up on his COVID-19.  Mr. Gibson responded via voicemail on December 28, 2020, claiming he did not have his phone and indicated he was still sick.  He then sent a text message on December 31, 2020, stating he was positive for COVID-19 and pneumonia.  Efforts were made that same day to make contact with Mr.

Prob12C
**Re: Gibson, Gabriel J**
**January 7, 2021**
**Page 2**

Gibson by phone and a message was left directing him to call the undersigned and to provide proof of his COVID-19 tests. Mr. Gibson has not responded since that time.

2        **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to report a change in residence, on or about December 15, 2020, or since.

On November 20, 2020, supervision commenced in this matter. That same day, a supervision intake was completed and the conditions of supervision imposed by the Court were reviewed with him. He acknowledged an understanding of the conditions imposed to include special condition number 5, noted above.

On January 7, 2021, due to Mr. Gibson's failure to make contact with the United States Probation Office, the undersigned contacted the house manager of the Oxford House, which Mr. Gibson was approved to reside at. It was reported that Mr. Gibson was not participating in the Oxford House programs and was rarely at the residence. As a result, he was terminated from the residence around December 15, 2020. It was reported that Mr. Gibson was on the phone with the Oxford House representatives and was made aware that he was being terminated from the residence.

Mr. Gibson's whereabouts are unknown.

3        **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to notify the undersigned of a change in employment, on or about January 4, 2021, or since.

On November 20, 2020, supervision commenced in this matter. That same day, a supervision intake was completed and the conditions of supervision imposed by the Court were reviewed with him. He acknowledged an understanding of the conditions imposed to include standard condition number 7, noted above.

On January 7, 2021, due to Mr. Gibson's failure to make contact with the United States Probation Office, the undersigned contacted his last known employer, Coeur d'Alene Windows. The employer indicated they had provided Mr. Gibson with extensions on being

Prob12C
**Re: Gibson, Gabriel J**
**January 7, 2021**
**Page 3**

away from work due to him reporting being ill. He was expected to report to work on January 4, 2021, but did not show up and they have not heard from him since, therefore, his employment was terminated.

Mr. Gibson has not contacted the undesigned regarding his employment status.

4    **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to provide verification of COVID-19 testing on or about, or since, December 31, 2020.

On November 20, 2020, supervision commenced in this matter.  That same day, a supervision intake was completed and the conditions of supervision imposed by the Court were reviewed with him.  He acknowledged an understanding of the conditions imposed to include standard condition number 13, noted above.

Mr. Gibson had previously reported COVID-19 symptoms and as a result was unable to submit to urinalysis testing. On December 23, 2020, a message was left for Mr. Gibson to contact the undersigned to follow up on his COVID-19.  Mr. Gibson responded via voicemail  on December 28, 2020, claiming he did not have his phone and indicated he was still sick.  He then sent a text message on December 31, 2020, stating he was positive for COVID-19 and pneumonia.  Efforts were made that same day to make contact with Mr. Gibson by phone and a message was left directing him to call the undersigned and to provide proof of his COVID-19 tests.  Mr. Gibson has not responded since that time and provided no documentation showing he ever tested for COVID-19.

5    **Special Condition # 16**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**:  It is alleged that Mr. Gibson violated the terms of his supervised release by failing to appear for random urinalysis testing, on or about December 22, 2020 and January 6, 2021.

On November 20, 2020, supervision commenced in this matter.  That same day, a supervision intake was completed and the conditions of supervision imposed by the Court were reviewed with him.  He acknowledged an understanding of the conditions imposed to include special condition number16, noted above.  At that time, he was placed on the urine testing program with Pioneer Human Services.  He was directed to call the color line every day and appear for testing when his color was called.

Mr. Gibson had previously reported COVID-19 symptoms and as a result was unable to submit to urinalysis testing.  On December 23, 2020, a message was left for Mr. Gibson to contact the undersigned to follow up on his COVID-19 test.  Mr. Gibson responded via voicemail  on December 28, 2020, claiming he did not have his phone and indicated he was still sick.  He then sent a text message on December 31, 2020, stating he was positive for

Prob12C
**Re: Gibson, Gabriel J**
**January 7, 2021**
**Page 4**

COVID-19 and pneumonia.  Efforts were made that same day to make contact with Mr. Gibson by phone and a message was left directing him to call the undersigned and to provide proof of his COVID-19 tests.  Mr. Gibson has not responded since that time and has failed to provide documentation showing he ever tested for COVID-19.

Pioneer Human Services noted he failed to appear for random urinalysis testing on December 22, 2020, and on January 6, 2021.  Given Mr. Gibson lack of contact with the United States Probation Office and his failure to provide documentation of having ever been tested for COVID-19, these missed urinalysis tests appear unexcused.

It should also be noted that since commencement of supervision, Mr. Gibson has not submitted to any urinalysis tests.

6        **Special Condition # 15**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**:  It is alleged that Mr. Gibson violated the terms of his supervised release by failing to complete a substance abuse evaluation since November 20, 2020.

On November 20, 2020, supervision commenced in this matter.  That same day, a supervision intake was completed and the conditions of supervision imposed by the Court were reviewed with him.  He acknowledged an understanding of the conditions imposed to include special condition number 15, noted above.

Mr. Gibson was referred to Pioneer Human Services (PHS) for substance abuse treatment services.  He was directed to call to schedule an appointment for a substance abuse evaluation.

Mr. Gibson has failed to contact PHS and schedule his evaluation.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    01/07/2021

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

**Prob12C**
**Re: Gibson, Gabriel J**
**January 7, 2021**
**Page 5**

THE COURT ORDERS

[ ]    No Action
[✓]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

_____
Signature of Judicial Officer

January 7, 2021
_____
Date