PROB 12C
(6/16)

Report Date: July 29, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Gabriel J Gibson | Case Number: 0980 1:16CR02073-LRS-1 |
| Address of Offender: ▓▓▓▓▓▓▓▓  White Swan, Washington  98952 | |
| Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge | |
| Date of Original Sentence: April 6, 2017 | |
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) |
| Original Sentence: | Prison - 57 months    Type of Supervision: Supervised Release |
| | TSR - 36 months |
| Revocation Sentence: (July 20, 2021) | Prison - credit for time served |
| | TSR - 32 months |
| Asst. U.S. Attorney: | Thomas J. Hanlon    Date Supervision Commenced: November 20, 2020 |
| Defense Attorney: | Federal Defender's Office   Date Supervision Expires: November 19, 2023 |

### PETITIONING THE COURT

To issue a **warrant**.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1    **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to make contact with the United States Probation Office on July 27, 2021.

On July 15, 2021, a revocation hearing was held before Your Honor. Mr. Gibson received credit for time served with 32 months of supervised release to follow.

On July 20, 2021, Mr. Gibson's supervision commenced on the most recent revocation. That same day, Mr. Gibson reported to the probation office and the conditions of supervision imposed by the Court were reviewed with him. He acknowledged an understanding of the conditions imposed to include standard condition number 2, noted above.

On July 20, 2021, Mr. Gibson released from the Yakima County Jail and reported to the probation office. He met with United States Probation Officer (USPO) Casey who provided

Prob12C
Re: Gibson, Gabriel J
July 29, 2021
Page 2

him a business card with a next report date of July 27, 2021, at 2 p.m. to meet with this officer. Mr. Gibson failed to report as directed.

On July 28, 2021, this officer conducted a home visit at Mr. Gibson's listed address of 15760 Fort Road, White Swan, Washington. According to Mr. Gibson's sister, his property was in the living room; however, she stated she has not seen him but her mother has contact with him. This officer provided a business card to his sister directing Mr. Gibson to report to the probation office by 9 a.m. on July 29, 2021. Upon leaving the residence, a vehicle pulled into the driveway. The driver stated he was Mr. Gibson's cousin. This officer provided him with a business card and also requested he let Mr. Gibson know to report by 9 a.m. on July 29, 2021.

On July 29, 2021, Mr. Gibson failed to report as directed. As of the writing of this report, Mr. Gibson's whereabouts is unknown.

2   **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to report a change in residence as of July 27, 2021.

On July 20, 2021, Mr. Gibson's supervision commenced on the most recent revocation. That same day, Mr. Gibson reported to the probation office and the conditions of supervision imposed by the Court were reviewed with him. He acknowledged an understanding of the conditions imposed to include standard condition number 5, noted above.

On July 15, 2021, during Mr. Gibson's revocation hearing, Your Honor requested probation conduct a home assessment at Mr. Gibson's mother's house located at 15760 Fort Road in White Swan. Mr. Gibson provided her address during court as a suitable residence upon release. On July 16, 2021, a home assessment was completed and approved for the above-noted address. On July 20, 2021, Mr. Gibson reported to the probation office and confirmed he would be residing with his mother at the above-listed address.

On July 28, 2021, this officer conducted an unannounced home visit due to Mr. Gibson failing to report as directed on July 27, 2021. According to his sister, some of his belongings were in the home; however, stated she had not seen him. She further shared her mother has had contact with him. This officer left a business card with Mr. Gibson's sister and his cousin directing Mr. Gibson to report to the probation office on July 29, 2021, by 9 a.m.

On July 29, 2021, Mr. Gibson failed to report as directed. This officer made telephone contact with his mother. She stated Mr. Gibson stayed at her home for a short time upon his release; however, he has not returned. She stated he has apparently been with a cousin and his girlfriend. She stated she has tried to call him and has sent him text messages, but they have gone unanswered. As of the writing of this report, Mr. Gibson has failed to contact this officer to report a change in address.

Prob12C
Re: Gibson, Gabriel J
July 29, 2021
Page 3

| | | |
|---|---|---|
| 3 | | **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: It is alleged that Mr. Gibson violated the terms of his supervised release by failing to contact Merit to set up chemical dependency treatment as directed on July 20, 2021.

On July 20, 2021, Mr. Gibson's supervision commenced on the most recent revocation. That same day, Mr. Gibson reported to the probation office and the conditions of supervision imposed by the Court were reviewed with him. He acknowledged an understanding of the conditions imposed to include special condition number 3, noted above.

On July 20, 2021, USPO Casey directed Mr. Gibson to contact Merit to schedule an appointment for a substance abuse evaluation.

As of the submission of this petition, Mr. Gibson has failed to provide this officer with documentation he scheduled an appointment with Merit as directed.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 07/29/2021

s/Linda J. Leavitt

Linda J. Leavitt
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

July 30, 2021
Date